504 P.2d 814

**In re Matter of William R. PADGETT, Attorney.**

**No. 11153.**

Supreme Court of Idaho.

Dec. 29, 1972.

Wm. R. Padgett, Boise, for petitioner.

Jack S. Gjording, R. B. Kading, Jr., Ronald L. Krill, Boise, for respondent.

PER CURIAM.

On August 23, 1971, a complaint was filed before the Committee on Discipline of the Idaho Bar Commission, charging William R. Padgett, a licensed attorney, with four counts of professional misconduct. Count I alleged that Padgett, without the consent or authorization of the owner of a Shell Oil Company credit card, made personal use of the credit card on at least five occasions in 1970. The count alleged that Padgett, in using the Shell credit card without the consent or permission of the owner, John C. O'Connell, violated Canons of Professional Ethics 22, 29 and 30, as well as Rules 153(b) and 153(o) of the Rules of the Board of Commissioners of the Idaho State Bar governing conduct of attorneys. Count II alleged that Padgett violated Rule 153(o) of the Rules of the Board of Commissioners of the Idaho State Bar in being convicted of driving while under the influence of intoxicating liquor in violation of I.C. § 49–1102. Count III alleged that in being convicted of issuing insufficient funds checks Padgett violated I.C. § 18–3106, I.C. § 3–301(1), Canon 32 of the Canons of Professional Ethics of the Idaho State Bar, and Rule 153(o) of the Rules of the Board of Commissioners of the Idaho State Bar. Count IV alleged that Padgett's conviction for failing to file a State Tax Return for the year 1965 was in violation of I.C. § 63–3075(a), Canon 32 of the Canons of Professional Ethics of the Idaho State Bar, and Rule 153(o) of the Rules of the Board of Commissioners of the Idaho State Bar governing conduct of attorneys.

Following a hearing on April 17, 1972, the Committee on Discipline found that Padgett signed, without authority, the name of "J. C. O'Connell" to charge slips against the account of the Shell credit card which had been issued to John C. O'Connell. The Committee found that John C. O'Connell had given this card to his former wife, Mary T. O'Connell, and that Mrs. O'Connell gave the card to Mr. Padgett and either authorized or knew of Padgett's signing "J. C. O'Connell" to the charge slips. The Committee found that although the merchandise obtained primarily benefited Mrs. O'Connell, Padgett was also benefited. The Committee on Discipline found that Mr. Padgett wrote to the Shell Oil Company representing himself as attorney for Mary T. O'Connell denying that she owed the unpaid balance on the charges incurred by them on the credit card, without disclosing that he had married Mrs. O'Connell and that he had incurred some of the charges himself.

The Committee found that Padgett was convicted of driving while under the influence of intoxicating liquor as alleged in Count II, and that his appeal to this Court on that conviction was dismissed on November 18, 1971.

The Committee found that Padgett had been convicted of issuing an insufficient fund check as alleged in Count III.

The Committee further found Padgett was convicted of failing to file an Idaho

income tax return for the year 1965 as alleged in Count IV.

Based upon these findings the Committee concluded that Padgett violated Canon 32 [1] of the Canons of Professional Ethics, I.C. § 3–301(1), [2] and Rules 153(b), (d) and (o) [3] of the Rules of the Board of Commissioners of the Idaho State Bar, and further that Padgett had not maintained the exemplary conduct expected of a lawyer. The Committee recommended that Padgett's license to practice law be suspended indefinitely; that his license be reinstated not earlier than one year from the date suspension is made effective; and that Padgett be required to pay the costs of the disciplinary proceeding.

The Board of Commissioners of the Idaho State Bar adopted and approved the Committee's findings and conclusions, as amended in the hearing of June 22, 1972. However, the Board of Commissioners did not concur with and disapproved the recommendations with respect to discipline. In lieu thereof, the Board of Commissioners recommended to this Court that Padgett be disciplined by suspension of his license to practice law for a period of twenty-four months and, as a condition precedent to application for reinstatement that Padgett be required to reimburse the Idaho State Bar of all costs and expenses incurred in the disciplinary proceedings and that before reinstatement he make a showing to the Board of Commissioners of the Idaho State Bar of his rehabilitation and suitability to return to the practice of law.

On August 21, 1972, Padgett petitioned to this Court for a review of the findings, conclusions and recommendatory order on grounds that (1) he was not granted a fair and impartial hearing because he was not given adequate notice of the hearing in order to prepare his defense; (2) that serious mistakes occurred in the recommenda-

---

1. "32. THE LAWYER'S DUTY IN ITS LAST ANALYSIS.

No client, corporate or individual, however powerful, nor any cause, civil or political, however important, is entitled to receive nor should any lawyer render any service or advice involving disloyalty to the law whose ministers we are, or disrespect of the judicial office, which we are bound to uphold, or corruption of any person or persons exercising a public office or private trust, or deception or betrayal of the public. When rendering any such improper service or advice, the lawyer invites and merits stern and just condemnation. Correspondingly, he advances the honor of his profession and the best interests of his client when he renders service or gives advice tending to impress upon the client and his undertaking exact compliance with the strictest principles of moral law. He must also observe and advise his client to observe the statute law, though until a statute shall have been construed and interpreted by competent adjudication, he is free and is entitled to advise as to its validity and as to what he conscientiously believes to be its just meaning and extent. But above all a lawyer will find his highest honor in a deserved reputation for fidelity to private trust and to pubic duty, as an honest man and as a patriotic and loyal citizen."

2. "3–301. *Grounds.*—An attorney and counselor may be removed, suspended, or reprimanded by the Supreme Court and by the district court for either of the following causes arising after his admission to practice:

1. His conviction of a felony or misdemeanor involving moral turpitude, in which case the record of conviction is conclusive evidence."

3. Rule 153. Any attorney at law may be censured, reprimanded, suspended, disbarred, fined and be charged costs and expenses of disciplinary proceedings for any of the following causes hereinafter referred to as violations of the Rules of Professional conduct:

. . . . .

(b) Any violation of the Rules of Conduct, Code of Professional Responsibility or Canons of Ethics as adopted by the Idaho State Bar with the approval of the Supreme Court . . .

. . . . .

(d) Any cause specified by statute for grounds for disbarment.

. . . . .

(o) Guilty of conduct unbecoming to a member of this Bar.

tory order of the Disciplinary Committee and Board of Commissioners without specifying what these mistakes were; (3) that the Commission did not take adequate time to review the file, transcript and objections of petitioner. Petitioner has not furnished the Court with any brief setting out a statement of the case, assignments of error, and points and authorities as required by Rule 41 of the Appellate Rules of this Court, even though an extension of time to file a brief was granted to petitioner for that express purpose. The matter was set down for oral argument before the Court on November 27, 1972, at which petitioner did appear in person and presented an oral argument. At no time before the Board of Commissioners or before this Court has the petitioner questioned the findings and conclusions of the Committee on Discipline, as amended, and those findings are herein affirmed. Petitioner's argument before this Court was primarily addressed to the fact that petitioner had rehabilitated himself from a severe mental, emotional and physical disorder which he acknowledged had affected his competency to act as an attorney. This rehabilitation is alleged to have occurred after the matters of issue in this cause, and is outside of the record in this case.

From the foregoing we have concluded that the charges filed against the petitioner have been supported by competent evidence in the record; that petitioner has violated Canon 32 of the Canons of Professional Ethics and Rule 153 of the Rules of the Board of Commissioners of the Idaho State Bar. Based upon those findings it is the order of this Court that petitioner is hereby suspended indefinitely from the practice of law in the State of Idaho. That upon the elapse of six months from the effective date of this order and payment of costs of this proceeding in the amount of $707.34, petitioner may petition the Board of Commissioners of the Idaho State Bar to be reinstated. Said petition for reinstatement shall be accompanied by a cashier's check payable to the Idaho State Bar in the sum of $1,000.00 to be used by the Commissioners of the Idaho State Bar to conduct an investigation to determine petitioner's rehabilitation and restoration to good moral character. See Rule 171, Rules of the Supreme Court and the Board of Commissioners of the Idaho State Bar. As a condition to requesting reinstatement, petitioner shall authorize the Idaho State Bar to examine into all of petitioner's personal and business activities as they may relate to the obligation of a lawyer pursuant to the Canons of Professional Ethics, and the Code of Professional Responsibility and shall consent to submit to such physical and mental examinations as the Board of Commissioners deems necessary to determine petitioner's competency to practice law. Petitioner shall execute such releases and waivers as the Commissioners of the Idaho State Bar shall deem necessary in order to protect them and all persons furnishing information to said committee or otherwise investigating said matter, and shall execute a consent and authorization that all information gathered in the course of said investigation shall be admissible in any hearings conducted pursuant to said investigation, subject to the evidentiary rules of relevancy, materiality and competency regularly employed in nonjury trials in the State of Idaho.

Upon receipt of such petition for reinstatement, and the cashier's check for $1,000.00, and upon execution of such authorizations, releases, waivers and other documentation as required by the Bar in the conducting of said investigation, said Bar shall forthwith conduct an investigation to determine the conduct of the petitioner subsequent to the four counts involved in this matter. Following such investigation petitioner shall be entitled to a hearing and be allowed to appear in person and by counsel and present any evidence which he may have in support of his petition tending to show his rehabilitation and fitness to engage in the practice of law. Based upon said investigation and hearing, the Board of Commissioners of the Idaho State Bar shall make

recommended findings, conclusions and recommended order to this Court concerning said petition for reinstatement. Any sums of the $1,000.00 deposited with the Bar Commission, in excess of the actual expenses of the investigation and the conducting of the hearing and preparing the transcripts for review by this Court shall be reimbursed to the petitioner upon final order of the Supreme Court in the cause.

Recommendatory order affirmed as modified.

McQUADE, C. J., McFADDEN, DONALDSON and BAKES, JJ., and SCOGGIN, District Judge, participating.